UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SWETLIC CHIROPRACTIC &
REHABILITATION CENTER, INC.,**

    **Plaintiff,**

  v.

**JORNS & ASSOCIATES, LLC,**

    **Defendant.**

Case No. 2:23-cv-02200
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff Swetlic Chiropractic & Rehabilitation Center, Inc.'s Request for Stay of Responsive Pleading Deadline, Pending Approval of Class Action Settlement in Separate Litigation (ECF No. 13) and Plaintiff's "Placeholder" Motion for Class Certification (ECF No. 3). For the reasons below, Plaintiff's Motion to Stay (ECF No. 13) is **GRANTED** and Plaintiff's Placeholder Motion for Class Certification (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

This lawsuit arises out of allegedly unsolicited faxes sent by Defendant, Jorns & Associates, LLC, to Plaintiff. (Compl., ECF No. 1.) Plaintiff claims that these unsolicited faxes failed to include opt-out language required by the Telephone Consumer Protection Act ("TCPA"). (*Id*., ¶ 24.) Plaintiff now brings a claim individually and behalf of all others similarly situated against Defendant for violating the TCPA. (*Id*.) Together with its Complaint, Plaintiff also filed a "Placeholder" Motion for Class Certification. (ECF No. 3.)

### II. MOTION TO STAY

Since filing its Complaint and Placeholder Motion, Plaintiff has moved for several stays to

1

allow related litigation in a Kansas district court to proceed. (ECF Nos. 9, 11; *Prairie Pointe Orthodontics v. Jorns & Associates, LLC, et al.*, Case No. 2:22-cv-2451, "*Kansas case*".) The plaintiffs in the Kansas case, like the Plaintiffs here, filed a class action complaint alleging that Defendant violated the TCPA. (ECF No. 13, PageID 51.) Defendant reached a proposed class-wide settlement with the plaintiffs in the Kansas case that will likely resolve Plaintiff's claims here. (*Id.*) The proposed settlement requires the approval of the Kansas district court. (*Id.*)

This Court granted Plaintiff two prior extensions to allow the Kansas case to proceed. (ECF Nos. 9, 11.) Plaintiff now asks this Court to again extend its responsive pleading deadline until early February 2024, when the district court in the Kansas case is scheduled to conduct a hearing on whether to approve the proposed settlement. (ECF No. 13, PageID 52.)

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court's broad discretion includes the power to stay a matter pending resolution of independent proceedings which bear upon the case at hand." *Unroe v. Vilsack*, No. 2:11-CV-592, 2012 WL 3527219, at *1 (S.D. Ohio Aug. 14, 2012) (internal quotations and citations omitted).

The Court finds that Plaintiff's proposed stay is appropriate. Allowing the Kansas case to come to completion will streamline the issues here and promote judicial economy by reducing the litigation burden on the parties and the Court. Accordingly, Plaintiff's Motion is **GRANTED** (ECF No. 13) and the litigation will be **STAYED** until February 12, 2024, to allow the Kansas district court to conduct the hearing on the proposed settlement. The parties are **DIRECTED** to file a stipulation of dismissal or a status report by February 12, 2024.

2

### III. "PLACEHOLDER" MOTION FOR CLASS CERTIFICATION

Plaintiff also filed a "placeholder" motion for class certification to prevent Defendant from "pick[ing] off" the individual claims of the named plaintiffs. (ECF No. 3, PageID 25.) Courts typically dismiss such placeholder motions for class certification as premature. *See Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 949 (S.D. Ohio 2017) (internal citations omitted). "A court need not hold in abeyance a class certification motion which the plaintiff intentionally filed prematurely." *Id.* (citing *Wasvary v. WB Holdings, LLC*, No. 15-10750, 2015 WL 5161370, at *3 (E.D. Mich. Sept. 2, 2015)).

Further, under Local Rule 23.3, a motion to certify a class shall not be filed before the Rule 26(f) conference, except by agreement of the parties or order of the Court. S.D. Ohio Civ. R. 23.3; *Progressive Health v. Bartino Neo Co.*, No. 1:23-cv-668, 2023 U.S. Dist. LEXIS 208455, at *2 (S.D. Ohio Nov. 21, 2023) (McFarland, J.) (dismissing without prejudice equivalent placeholder motion). Placeholder motions are also "unnecessary" because the Sixth Circuit is "not receptive to a defendant's attempt to rid itself of class claims by picking off individual class representatives." *Progressive Health & Rehab Corp. v. Medcare Staffing, Inc.*, No. 2:19-cv-4710, 2020 U.S. Dist. LEXIS 100822, at *12–13 (S.D. Ohio June 8, 2020) (Marbley, J.) (citing *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc*., 632 F. App'x 259, 260 (6th Cir. 2016)).

Plaintiff filed this placeholder motion before the Rule 26(f) conference "out of an abundance of caution" to "protect against any alternative pick-off attempt." (ECF No. 3, PageID 29.) Because it contradicts Sixth Circuit precedent, Plaintiff's placeholder motion is not necessary. Accordingly, Plaintiff's Placeholder Motion for Class Certification (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Stay (ECF No. 13) is **GRANTED.** The parties are **DIRECTED** to file a stipulation of dismissal, or in the alternative, a status report by February 12, 2024. Plaintiff's Placeholder Motion for Class Certification (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

 **IT IS SO ORDERED.**

**12/12/2023**                **s/Edmund A. Sargus, Jr.**
**DATE**                   **EDMUND A. SARGUS, JR.**
                      **UNITED STATES DISTRICT JUDGE**